UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:23-cr-00129

DEHAVEN DARNELL CRAIG

### MEMORANDUM OPINION AND ORDER

Pending are the Government's (1) Motion for Competency Hearing and to Commit Defendant for Psychiatric Evaluation [ECF 33-1], and (2) Motion to Seal Motion for Competency Hearing [ECF 33], filed December 12, 2023, to which Defendant Dehaven Darnell Craig responded on January 16, 2024. [ECF 41-1]. Also pending are Mr. Craig's (1) Motion to Seal Response [ECF 41], and (2) Motion to Accept Response Out of Time[1] [ECF 42].

I.

On August 8, 2023, a single-count Indictment [ECF 1] was returned against Mr. Craig, charging him with first-degree murder in violation of 18 U.S.C. §§ 1111(a) and 7(3). Mr. Craig is alleged to have murdered his cellmate while incarcerated at the Federal Correctional Institution Beckley ("FCI Beckley"). Since his May 11, 2022, incarceration at FCI Beckley, Mr. Craig has exhibited suicidal, disruptive, and erratic and dangerous behavior to an extreme degree to himself and others. On several occasions he has resisted removal from his cell and has threatened

---

[1] Mr. Craig's response was due Friday, January 12, 2024. Due to other pressing matters, however, his response was filed four days later. For good cause shown, the Court **GRANTS** Mr. Craig's Motion to Accept Response Out of Time [**ECF 42**].

to assault anyone who enters. For instance, on the date of Mr. Craig's arraignment hearing, BOP staff at FCI Beckley were forced to deploy multiple units of OC spray, sting ball grenades, a foam baton round, and numerous .68 caliber pepper ball rounds to prod Mr. Craig to submit to restraints so he could be transported by the United States Marshal to the federal courthouse. Despite such extreme measures, Mr. Craig still refused compliance, and BOP staff members were left with no option but to forcibly enter his cell and secure him by brute force. The incident resulted in minor, superficial wounds to Mr. Craig and also rendered one BOP staff member temporarily unconscious.

Given his dangerous behavior, Mr. Craig was not transported to the courthouse and his arraignment was conducted via videoconference. The Court has also been previously advised by the United States Marshal that Mr. Craig may pose a risk of disrupting Court proceedings. This prompted the Court to provide Mr. Craig with the notice and cautionary instructions required by binding precedent, the Fifth and Sixth Amendments, and *Federal Rule of Criminal Procedure* 43(c)(1)(C) regarding the potential waiver of his right to be present during court proceedings should he engage in disruptive behavior. [*See* ECF 23].

Furthermore, Mr. Craig has a history of mental health issues, which include diagnoses of antisocial personality disorder, depression, intellectual disability, conduct disorder, and fetal alcohol syndrome. He has also exhibited and expressed suicidal ideations while incarcerated and has a juvenile history of two attempted suicides. Currently, Mr. Craig remains lodged in the Special Housing Unit at FCI Beckley and continues to refuse removal from his cell unless he believes it to be advantageous to himself. He is also refusing offered psychological services and will only meet with medical and psychological staff at his cell door. He continues to refuse his mail, including his legal mail, and has not met with his attorney.

Given Mr. Craig's mental health history and the aforementioned disruptive and dangerous conduct he has and continues to exhibit during his incarceration at FCI Beckley, the Government requests that the Court (1) "commit [Mr. Craig] to the custody of the Attorney General for transport to a suitable facility where he can be evaluated for competency" pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), and (2) "following the evaluation to set a competency hearing pursuant to 18 U.S.C. § 4241(a)." [ECF 33-1 at 7]. The Government further requests that its Motion for Competency Hearing and to Commit Defendant for Psychiatric Evaluation be sealed inasmuch as it "contains private medical and psychiatric information." [*Id.* at 1].

On January 16, 2024, Mr. Craig's counsel responded to the Government's Motion. On January 10, 2024, Mr. Coleman attempted to visit Mr. Craig at FCI Beckley after securing Mr. Craig's agreement to leave his cell. Multiple prior arrangements were made to ensure he would do so. Upon Mr. Coleman's arrival, however, Mr. Craig refused to exit his cell despite being informed of Mr. Coleman's presence and further efforts by prison staff to get him to participate in the scheduled visit. While Mr. Coleman alternatively requested admission to FCI Beckley's Special Housing Unit to attempt communication with Mr. Craig, he was denied access inasmuch as the facility was on lockdown from a recent inmate murder.

As of this writing, Mr. Coleman notes he has been unable to meet with Mr. Craig in any meaningful way, aside from one video meeting. Mr. Coleman further notes Mr. Craig has been refusing to accept or read any of his legal mail. Given these circumstances, Mr. Coleman asserts he "has no first-hand observations or knowledge by which to weigh whether the [G]overnment's requested relief is appropriate or not." [ECF 41-1 at 1]. Instead, Mr. Coleman states as follows:

> [C]ounsel has been left to conclude based on various facts reported by FCI Beckley prison staff and on now needing some guidance as to what extent Mr. Craig is even

3

> capable of making decisions respecting his rights – much less any prospective knowing and voluntary waivers of rights should such circumstances arise in his case – that it would be appropriate to have Mr. Craig evaluated as to his present competence, whether he is currently suffering from any mental disease or defect, and if so – to what extent that disease or defect may materially affect his ability to aid his counsel in asserting a defense in his case. Obviously, if any mental disease or defect is found to exist, a further assessment of the time and measures needed for restoration should also be performed.

[*Id*. at 1-2]. Inasmuch as Mr. Craig is already in the Attorney General's custody until at least 2027 given his prior sentence, Mr. Coleman states he does not oppose an evaluation of Mr. Craig "for purposes of determining his present competency to aid his counsel and meaningfully participate in his own defense in this case." [*Id*. at 2]. Mr. Coleman notes, however, that he believes "it is inappropriate at this point to evaluate Mr. Craig as to his mental state . . . at the time of the charged offense," and expresses his objection to "Mr. Craig being forced to take any psychotropic medications without a full *Sell* hearing." [*Id*.]. Additionally, without further elaboration, Mr. Coleman states he does not feel as if the Government's Motion or his response should be unsealed given both contain privileged personal and medical information unintended for public disclosure.

## II.

A. *Motion for Competency Hearing and to Commit Defendant for Psychiatric Evaluation*

Title 18 U.S.C. § 4241 "spells out the process for determining whether a federal criminal defendant is competent to stand trial." *United States v. Curbow*, 16 F.4th 92, 95 (4th Cir. 2021). Section 4241 permits "'the defendant or the attorney for the Government [to] file a motion for a hearing to determine the mental competency of the defendant.'" *Id.* (quoting 18 U.S.C. § 4241(a)). The Court must hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally

4

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* "Prior to the competency hearing, 'the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court'" pursuant to the provisions outlined in sections 4247(b) and (c). *Id.* (quoting 18 U.S.C. § 4241(b)). Section 4247(b) pertinently provides as follows:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245, 4246, or 4248, upon the request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

18 U.S.C. § 4247(b). Pursuant to section 4247(c), the examiner designated to conduct the psychiatric or psychological examination shall prepare and file with the court, with copies to defense counsel, and counsel for the Government, a psychiatric or psychological report, which shall include the relevant information set forth in section 4247(c)(1)-(4).

After conducting the competency hearing, "if 'the court finds by a preponderance of the evidence that the defendant is [mentally incompetent to stand trial,] the court shall commit the defendant to the custody of the Attorney General.'" *Curbow*, 16 F.4th at 95 (quoting 18 U.S.C. § 4241(d)). "Thereafter, '[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility'" in accordance with the time periods set forth section 4241(d)(1)-(2). *Id.*

As a result of the information proffered respecting Mr. Craig's actions heretofore and presently, the Court **ORDERS** a psychiatric or psychological examination be conducted by a licensed or certified psychiatrist or psychologist. The Court **COMMITS** Mr. Craig to the custody of the Attorney General for a period of thirty (30) days for placement in a facility suitable for the subject examination and, unless impracticable, at a location closest to the Court. The Director of the facility may apply for a reasonable extension, but not to exceed fifteen (15) days upon a showing of good cause that the additional time is necessary to observe and evaluate Mr. Craig.

B.   *Motions to Seal*

Both the Government and Mr. Craig request a wholesale seal of the subject filings on the ground that they contain private medical and psychiatric information unintended for public disclosure. At this juncture, the Court **GRANTS** the Motions to Seal [**ECF 33, ECF 41**] **AS MOULDED** and **ORDERS** the Government's Motion for Competency Hearing and Mr. Craig's response thereto remain provisionally sealed pending the results of Mr. Craig's evaluation.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTERED: February 5, 2024

Frank W. Volk
United States District Judge