UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                      CRIMINAL ACTION NO. 5:23-cr-00129

DEHAVEN DARNELL CRAIG

MEMORANDUM OPINION AND ORDER

On April 11, 2024, the Court held a hearing to determine Defendant Dehaven Darnell Craig's competency to stand trial. Pending is Defendant's request for an additional, independent psychiatric evaluation for competency.

On August 8, 2023, a single-count Indictment [ECF 1] was returned against Mr. Craig, charging him with first-degree murder in violation of 18 U.S.C. §§ 1111(a) and 7(3). [Doc. 1]. Mr. Craig is alleged to have murdered his cellmate while incarcerated at the Federal Correctional Institution at Beckley ("FCI Beckley"). [*Id.*]

Due to his previous behavior, his mental health history, and his current record of unstable and unpredictable behavior, the Government filed a Motion for Competency Hearing and to Commit Defendant for Psychiatric Evaluation [Doc. 33-1], and Motion to Seal Motion for Competency Hearing [Doc. 33], filed December 12, 2023. Defendant Dehaven Darnell Craig responded on January 16, 2024. [Doc. 41-1]. Mr. Craig also filed a response to Motion to Seal Response [Doc. 41], and Motion to Accept Response Out of Time. [Doc. 42].

On February 5, 2024, the Court entered an order: (1) directing a psychiatric or psychological examination be conducted by a licensed or certified psychiatrist or psychologist,  (2)

committing Defendant to the custody of the Attorney General for a period of 30 days for placement

in a facility suitable for the subject examination and, unless impracticable, at a location closest to

the Court, (3) granting Government's Motion to Seal Motion for Competency Hearing as to

Dehaven Darnell Craig, (4) granting Motion to Seal Defendant's Response to Motion for

Psychiatric Evaluation as to Dehaven Darnell Craig, (5) granting Defendant's Motion to Accept

Defendant's Response to Motion for Psychiatric Evaluation Out of Time as to Dehaven Darnell

Craig, and (6) directing the Government's Motion for Competency Hearing and Mr. Craig's

response thereto remain provisionally sealed pending the results of Mr. Craig's evaluation. [Doc.

43].

On March 12, 2024, the Court received a psychological report completed by

Kristina P. Lloyd, Psy.D., ABPP, Forensic Psychologist. [Doc. 50]. Mr. Craig was evaluated, *inter*

*alia*, by interview with Dr. Lloyd, the administration of psychiatric tests, and an analysis of his

background, criminal record, and institutional record. [*Id.* at 1-3].

At the April 11, 2024, competency hearing, Mr. Craig appeared in person and with

counsel, Lex Coleman, Assistant Federal Public Defender, and the United States appeared by

Assistant United States Attorney Joshua Hanks.

Title 18 U.S.C. § 4241 "spells out the process for determining whether a federal

criminal defendant is competent to stand trial." *United States v. Curbow*, 16 F.4th 92, 95 (4th Cir.

2021). Section 4241 permits "'the defendant or the attorney for the Government [to] file a motion

for a hearing to determine the mental competency of the defendant.'" *Id.* (quoting 18 U.S.C. §

4241(a)). The Court must hold a competency hearing "if there is reasonable cause to believe that

the defendant may presently be suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense." *Id.* "Prior to the competency hearing, 'the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court'" pursuant to the provisions outlined in sections 4247(b) and (c). *Id.* (quoting 18 U.S.C. § 4241(b)). Section 4247(b) pertinently provides as follows:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245, 4246, or 4248, upon the request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

18 U.S.C. § 4247(b). Pursuant to section 4247(c), the examiner designated to conduct the psychiatric or psychological examination shall prepare and file with the court, with copies to defense counsel and counsel for the Government, a psychiatric or psychological report which shall include the relevant information set forth in section 4247(c)(1)-(4).

During the April 11, 2024, hearing, neither party desired to submit additional evidence. As more fully set forth on the record, Mr. Coleman expressed concerns regarding the "so-called evaluation" and "its shortcomings." [Doc. 53 at 3]. He questioned the methodology and reliability of Dr. Lloyd's opinions to wit: (1) the limited, discontinuous six hours of contact between Dr. Lloyd and Mr. Craig, (2) the nature and order of the tests administered, (3) the evaluation occurring through the food slot of Mr. Craig's cell, (4) the effectiveness of the evaluation, (5) the unrecorded nature of the interview, (6) certain concerns surrounding Mr.

Craig's mental diagnoses of depression and retardation, (7) the prioritization of the most recent, and higher, IQ testing, and (8) concerns with Dr. Lloyd ostensibly "cherry-picking things that will support the ultimate conclusion." [*Id.* at 3-5].

It is, accordingly, **ORDERED** that a second, independent present competency evaluation of Mr. Craig be conducted within 45 days and that the evaluation occur at FCI-Beckley. If Mr. Coleman and Mr. Craig desire an additional component of the subject examination address Mr. Craig's competence at the time of the alleged offense, they may request as much of the chosen examiner or one retained specifically for that purpose. If one examiner is chosen for both purposes, he or she must prepare two separate reports, with present competency and time-of-offense competency, respectively, addressed in different reports. The former may then be disclosed to the Court and opposing counsel in due course. The latter may be disclosed in accordance with law after being tendered to Mr. Coleman and Mr. Craig.

The Court **FINDS** excludible the time period necessary to determine the Defendant's mental competency. 18 U.S.C. § 3161(h)(1)(A).

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED:   April 24, 2024

Frank W. Volk
United States District Judge

4