UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 5:23-cr-00129

DEHAVEN DARNELL CRAIG

### MEMORANDUM OPINION AND ORDER

On August 8, 2023, a single-count Indictment was returned against Defendant Dehaven Darnell Craig, charging him with first-degree murder in violation of 18 U.S.C. §§ 1111(a) and 7(3). Mr. Craig is alleged to have murdered his cellmate while incarcerated at Federal Correctional Institution at Beckley ("FCI Beckley).

On December 12, 2023, the Government filed a Motion for Competency Hearing and to Commit Defendant for Psychiatric Evaluation due to Mr. Craig's past and then present erratic and unpredictable behavior and mental health history. [ECF 33-1]. On January 16, 2024, Mr. Craig responded. [ECF 41-1]. On February 5, 2024, after consideration of the parties' filings, the Court entered an Order in accord with 18 U.S.C. §§ 4241(b) and 4247(b)-(c) (1) directing a psychiatric or psychological evaluation of Mr. Craig be conducted by a licensed or certified psychiatric or psychologist, and (2) committing Mr. Craig to the custody of the Attorney General for a period of thirty (30) days for placement in a facility suitable for the subject examination and, unless impracticable, at a location closest to the Court. [ECF 43].

On March 12, 2024, the Court received a psychological report completed by Kristina P. Lloyd, Psy.D., ABPP, Forensic Psychologist. [ECF 50]. Mr. Craig was evaluated, *inter*

*alia*, by interview with Dr. Lloyd, the administration of psychiatric tests, and an analysis of his background, criminal record, and institutional record. [*Id*. at 1-3]. Dr. Lloyd opined "Mr. Craig does not currently suffer from a mental disease or defect that would preclude him from proceeding to trial" and that he "is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." [*Id*. at 18].

On April 11, 2024, the parties convened for a competency hearing, at which neither party desired to submit additional evidence, but defense counsel expressed concerns with the evaluation. On April 24, 2024, the Court entered an Order reciting defense counsel's concerns and ordered a second, independent present competency evaluation of Mr. Craig be conducted within forty-five (45) days at FCI Beckley. [ECF 54].

On June 11, 2024, three days after the forty-five-day period lapsed, the Court held a status conference to (1) discuss the contemplated transfer of Mr. Craig to a supermax facility in Colorado, and (2) ascertain the status of the second competency evaluation. At the outset of this hearing, Mr. Craig, appearing via teleconference, expressed a desire to appear in person, and the defense appeared to withdraw its objection to proceeding without a further competency evaluation previously directed by the Court at the defense's request. The Court also obtained the parties' consent to provide a written communication to the Director of the Bureau of Prisons ("BOP") requesting Mr. Craig's contemplated transfer be held in abeyance awaiting the outcome of his trial. The status conference was rescheduled to allow Mr. Craig to appear in person. The Court sent the aforementioned communication to the Director of the BOP that same date.

On June 17, 2024, a supervisory CLC attorney for the BOP sent a letter to Assistant United States Attorney Joshua Hanks indicating the BOP's intention to proceed with Mr. Craig's

transfer despite the Court's request. On June 18, 2024, Mr. Hanks forwarded the letter to the Court and defense counsel via email.

On June 20, 2024, the Court reconvened for the rescheduled status conference. At the hearing, Mr. Craig presented his counsel with a *pro se* Motion for a Writ, requesting placement in a regional jail facility pending trial. The defense also formally withdrew its request for a second competency evaluation and expressed concerns with the BOP's decision to transfer Mr. Craig out of the District. The parties requested thirty-days to negotiate a potential resolution of this matter before a trial date is scheduled. The Court granted the thirty-day negotiation period, invited counsel to submit briefing on the anti-shuttling issue, and directed any writ request be filed by the defense in writing. The Court held its competency finding in abeyance pending issuance of a written order respecting the same.

## I.

"'A criminal defendant may not be tried unless he is competent.'" *United States v. Roof*, 10 F.4th 314, 341 (4th Cir. 2021) (quoting *Godinez v. Moran*, 509 U.S. 389, 396 (1993)). "A defendant is competent when 'he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and when he has a rational as well as factual understanding of the proceedings against him.'" *Id*. (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (cleaned up)). Importantly, "'[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.'" *Id*. (quoting *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000)). "Likewise, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." *Id*. (internal citations omitted). Rather, the court "is only required to ensure that [a defendant] ha[s] the *capacity* to understand, the

*capacity* to assist, and the *capacity* to communicate with his counsel." *Id*. (internal citations omitted) (emphasis in original). The defendant bears the burden, "by a preponderance of the evidence, to demonstrate incompetence to stand trial—that is, 'that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Id*. (quoting *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005) (quoting 18 U.S.C. § 4241(d))).

While Dr. Lloyd's psychological evaluation of Mr. Craig diagnosed him with antisocial personality disorder and recognized a history "of maladaptive personality traits" such as "intense, . . . recurrent outburst of anger [and] stubbornness," [ECF 50 at 11, 17] she ultimately determined Mr. Craig (1) lacks a mental illness or intellectual disability, (2) possesses "a factual understanding of the legal system and hi[s] legal situation," (3) lacks "a mental disease or defect that affects his ability to make case-related decisions," and (4) possesses "sufficient ability to collaborate with counsel." [*Id*. at 14, 15, 16, 17]. Dr. Lloyd thus concluded as follows:

> **PROGNOSIS**: It is my opinion Mr. Craig is competent to stand trial and can be returned to court for resolution of his legal situation. Given he does not have a severe disease or defect, his competency is not expected to change over time. However, as mentioned Mr. Craig's history reflects a pattern of maladaptive personality traits (i.e., intense, and recurrent outbursts of anger, stubbornness). As such, it should be noted he has the potential to be emotionally dysregulated and behaviorally problematic at times.
>
> **SUMMARY AND OPINIONS**: Title 18 [ ] U.S.C. [] § 4241 specifies a defendant is incompetent to proceed to trial if, as a result of a mental disease or defect, s/he "is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Although the determination of Mr. Craig's competency is ultimately a decision for the Court, it is my opinion Mr. Craig does not currently suffer from a mental disease or defect that would preclude him from proceeding to trial. Moreover, it is my clinical opinion that Mr. Craig is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

[*Id*. at 17-18]. Although defense counsel initially expressed concern with Dr. Lloyd's report, neither the defense nor the Government offered any additional evidence respecting Mr. Craig's competency or lack thereof at the April 11, 2024, competency hearing. Additionally, as mentioned above, defense counsel subsequently withdrew his request for a second competency evaluation and concurred with the evaluation's overall conclusions. Indeed, defense counsel stated on the record at both the June 11, 2024, and June 20, 2024, status hearings that Mr. Craig has engaged competently with counsel, has demonstrated his understanding of the charges against him, and has actively participated in his case. Moreover, Mr. Craig has been nothing but eloquent and respectful during his interactions with the Court.

## II.

Based on the foregoing, the Court **FINDS**, by a preponderance of the evidence, that Mr. Craig is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court **ORDERS** as follows:

1. The parties are **GRANTED** thirty (30) days to engage in negotiations;
2. A status hearing is **SCHEDULED** for **Friday, July 26, 2024, at 11:30 a.m. in Beckley** for purposes of hearing the parties on the outcome of their discussions and, to the extent necessary, setting a schedule for future case events; and
3. Mr. Craig is **DIRECTED** to file (1) any writ request on or before **Monday, June 24, 2024**, with any response from the Government due **on or before Monday, July 1, 2024**, and (2) any anti-shuttling authority by **close of business on June 28, 2024**, with any response from the Government due by **July 5, 2024**.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 24, 2024

Frank W. Volk
United States District Judge