UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO. 5:23-cr-00129

DEHAVEN DARNELL CRAIG

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Dehaven Darnell Craig's Motion for Determination of Mental Competency [ECF 98], filed February 13, 2025.

### I.

On August 8, 2023, a single-count Indictment [ECF 1] was returned against Mr. Craig, charging him with first-degree murder in violation of 18 U.S.C. §§ 1111(a) and 7(3). [ECF 1]. Mr. Craig is alleged to have murdered his cellmate while incarcerated at the Federal Correctional Institution at Beckley ("FCI Beckley"). [*Id*.].

On December 12, 2023, the Government filed a Motion for Competency Hearing and to Commit Defendant for Psychiatric Evaluation [ECF 33-1], due to Mr. Craig's behavior, his mental health history, and his current record of unstable behavior. On February 5, 2024, the Court directed: (1) directing a psychiatric or psychological examination be conducted by a licensed or certified psychiatrist or psychologist, (2) committing Mr. Craig to the custody of the Attorney General for a period of 30 days for placement in a facility suitable for the subject examination and, unless impracticable, at a location closest to the Court, (3) granting Government's Motion to Seal Motion for Competency Hearing as to Dehaven Darnell Craig, (4) granting Motion to Seal

Defendant's Response to Motion for Psychiatric Evaluation as to Dehaven Darnell Craig, (5) granting Mr. Craig's Motion to Accept Defendant's Response to Motion for Psychiatric Evaluation Out of Time as to Dehaven Darnell Craig, and (6) directing the Government's Motion for Competency Hearing and Mr. Craig's response thereto remain provisionally sealed pending the results of Mr. Craig's evaluation. [ECF 43].

On March 12, 2024, the Court received a psychological report provided by Kristina P. Lloyd, Psy.D., ABPP, Forensic Psychologist. [ECF 50]. Dr. Lloyd evaluated Mr. Craig, administered psychiatric tests, and provided her analysis of his background, criminal record, and institutional record. [*Id.* at 1-3]. Dr. Lloyd ascertained "Mr. Craig does not currently suffer from a mental disease or defect that would preclude him from proceeding to trial" and that he "is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." [*Id*. at 18].

At the April 11, 2024, competency hearing, Mr. Craig appeared in person and with counsel, Lex Coleman, Assistant Federal Public Defender, and the United States appeared by Assistant United States Attorney Joshua Hanks. Neither party desired to submit additional evidence. On April 24, 2024, considering the numerous issues Mr. Coleman raised regarding the competency evaluation, the Court entered an order stating:

> a second, independent present competency evaluation of Mr. Craig be conducted within 45 days and that the evaluation occur at FCI-Beckley. If Mr. Coleman and Mr. Craig desire an additional component of the subject examination address Mr. Craig's competence at the time of the alleged offense, they may request as much of the chosen examiner or one retained specifically for that purpose. If one examiner is chosen for both purposes, he or she must prepare two separate reports, with present competency and time-of-offense competency, respectively, addressed in different reports. The former may then be disclosed to the Court and opposing counsel in due course. The latter may be disclosed in accordance with law after being tendered to Mr. Coleman and Mr. Craig.

[ECF 54].

On June 11, 2024, three days after the forty-five-day period lapsed, the Court held a status conference to (1) discuss the contemplated transfer of Mr. Craig to a supermax facility in Colorado, and (2) ascertain the status of the second evaluation. For reasons appearing to the Court, the status conference was rescheduled to allow Mr. Craig to appear in person.

On June 17, 2024, a supervisory CLC attorney for the BOP sent a letter to Assistant United States Attorney Joshua Hanks indicating the BOP's intention to proceed with Mr. Craig's transfer despite the Court's request. On June 18, 2024, Mr. Hanks forwarded the letter to the Court and defense counsel via email.

On June 20, 2024, the Court reconvened for the rescheduled status conference. Among other issues that were addressed, Mr. Craig formally withdrew his request for a second independent competency evaluation and expressed concerns with the BOP's decision to transfer Mr. Craig out of the District. The Court held its competency finding in abeyance pending issuance of a written order respecting the same.

On June 24, 2024, the Court entered a memorandum opinion and order finding by a preponderance of the evidence that Mr. Craig is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [ECF 66 at 5].

On July 26, 2024, the Court held a status conference and addressed (1) learned counsel, (2) certain documents and sealing, and (3) proposed trial dates. [ECF 72].

On July 29, 2024, Mr. Coleman filed a motion to withdraw as counsel for Mr. Craig. [ECF 74]. Mr. Craig filed a sealed ex parte Letter-Form motion on the same day regarding the same. [ECF 75]. The Court granted the motion to withdraw on July 31, 2024, and appointed David

Schles as local counsel. [ECF 76]. On August 7, 2024, Mr. Craig was appointed learned counsel, Nathan D. Chambers, of Denver, Colorado. [ECF 79].

On November 20, 2024, the Court entered a preliminary order under seal regarding the provisions for service providers hours and rate for Phase 1 case-budget of a capital case. [ECF 86]. On December 3, 2024, the Government filed their notice of intent not to seek the death penalty. [ECF 87].

On December 6, 2024, Mr. Craig provided the Court with a status update regarding communications and attempts to create a working attorney-client relationship. [ECF 88]. The Court entered an order and set a video teleconference for December 16, 2024. [ECF 89]. At the teleconference, Mr. Craig indicated his willingness to participate in his case and communicate with his counsel. [ECF 92].

On January 28, 2025, Mr. Craig filed a second status report "to inform the court that since the December 17, 2024, there [had been] two (2) attorney-client meetings for a total of almost nine (9) hours. It is expected that a third attorney-client meeting will be completed within the next two (2) weeks." [ECF 94 at 2].

On February 13, 2025, Mr. Craig's counsel filed an unopposed motion for determination of mental competency pursuant to 18 U.S.C. § 4241. [ECF 98]. Mr. Craig's counsel requested (1) appointing an "independent, licensed and certified psychiatrist or psychologist, who is not associated with the government, to conduct an examination and submit a report to the Court," (2) a hearing to determine Mr. Craig's competency pursuant to 18 U.S.C. § 4241, (3) the Court vacate and stay any further proceedings pending determination of competency, and (4) an order "that any delay resulting from any competency proceedings, including any delay related to examinations, be excluded from speedy trial calculations." [*Id*. at 6].

## II.

Title 18 U.S.C. § 4241 "spells out the process for determining whether a federal criminal defendant is competent to stand trial." *United States v. Curbow*, 16 F.4th 92, 95 (4th Cir. 2021). Section 4241 permits "'the defendant or the attorney for the Government [to] file a motion for a hearing to determine the mental competency of the defendant.'" *Id.* (quoting 18 U.S.C. § 4241(a)). The Court must hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* "Prior to the competency hearing, 'the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court'" pursuant to the provisions outlined in sections 4247(b) and (c). *Id.* (quoting 18 U.S.C. § 4241(b)). Section 4247(b) pertinently provides as follows:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245, 4246, or 4248, upon the request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

18 U.S.C. § 4247(b). Pursuant to section 4247(c), the examiner designated to conduct the psychiatric or psychological examination shall prepare and file with the court, with copies to

5

defense counsel, and counsel for the Government, a psychiatric or psychological report, which shall include the relevant information set forth in section 4247(c)(1)-(4).

After conducting the competency hearing, "if 'the court finds by a preponderance of the evidence that the defendant is [mentally incompetent to stand trial,] the court shall commit the defendant to the custody of the Attorney General.'" *Curbow*, 16 F.4th at 95 (quoting 18 U.S.C. § 4241(d)). "Thereafter, '[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility'" in accordance with the time periods set forth section 4241(d)(1)-(2). *Id.*

Even after a defendant is deemed competent, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *United States v. Roof*, 10 F.4th 314, 346 (4th Cir. 2021) (quoting *Drope v. Missouri*, 420 U.S. 162, 181 (1975)). The district court must consider whether the Defendant's competency has changed. Notably, holding a second competency hearing is "the remedy endorsed in *Drope*." *Id.* at 347 (referencing *Drope*'s instruction "to suspend the trial until such an evaluation could be made.").

### III.

Mr. Craig's counsel has proffered that based on "numerous interactions with Mr. Craig, he has demonstrated a detachment from reality and an inability to rationally receive and process information. Counsel cannot provide a more detailed exposition of his concerns without doing violence to the attorney-client and work product privileges. Suffice it to say that undersigned counsel's concerns are genuine and based on personal dealings with Mr. Craig." [ECF 98 at 1-2]. As a result of the information tendered respecting Mr. Craig's actions heretofore and presently, the Court **ORDERS** a second psychiatric or psychological competency examination be conducted by a licensed or certified psychiatrist or psychologist who is not associated with the government.

Inasmuch as the Government does not oppose the motion, and for good cause shown, the Court **VACATES** all previously set deadlines, including trial on April 29, 2025, and any applicable motion filing deadlines, **STAYS** the proceedings and orders that the matter be **HELD** in abeyance pending the further order of the Court. Moreover, the Court **FINDS** excludable the time period necessary to determine the Defendant's mental competency. 18 U.S.C. § 3161(h)(1)(A).

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED:   February 21, 2025

Frank W. Volk
Chief United States District Judge